# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL GRIFFIN, a minor,**
**by his guardian MARILYN GRIFFIN**
      **Plaintiff,**

  v.                                                                    **Case No. 05-C-688**

**MICHAEL ASTRUE,**
**Commissioner of the Social Security Administration,**
      **Defendant.**

## DECISION AND ORDER

Plaintiff Marilyn Griffin, on behalf of her grandson Michael, brought this action for judicial review of the denial of Michael's claim for Supplemental Security Income ("SSI") benefits. On March 15, 2006, I remanded the case pursuant to 42 U.S.C. § 405(g), sentence six, for consideration of new and material evidence. On remand, an Administrative Law Judge ("ALJ") entered a favorable decision on Michael's claim, and I then entered judgment in plaintiff's favor. Plaintiff now moves for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## I. EAJA STANDARD

The EAJA provides that a litigant in a civil suit against the federal government is entitled to recover her attorneys' fees if: (1) she was a prevailing party; (2) the government's position was not "substantially justified"; (3) there are no "special circumstances" that would make an award unjust; and (4) she filed a timely application with the district court. Cunningham v. Barnhart, 440 F.3d 862, 863 (7th Cir. 2006) (citing 28 U.S.C. § 2412(d)(1)(A), (B); Krecioch v. United States, 316 F.3d 684, 688 (7th Cir. 2003)). Because plaintiff ultimately prevailed on Michael's claim and I then entered judgment in her favor,

she is the prevailing party in this case. Plaintiff's application, filed within thirty days of when the judgment became final (i.e., unappealable) is timely, see Hoa Hong Van v. Barnhart, 483 F.3d 600 (9th Cir. 2007), and the Commissioner points to no special circumstances that would make a fee award unjust, see Wirth v. Barnhart, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004) (noting that it is the Commissioner's burden to demonstrate special circumstances). However, the Commissioner argues that the motion should be denied because the agency's position was substantially justified.

The Commissioner bears the burden of demonstrating substantial justification. See, e.g., Floroiu v. Gonzales, 498 F.3d 746, 748 (7th Cir. 2007) (citing Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004)). A position is substantially justified if it has a reasonable basis in law and fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988); Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006). Thus, the Commissioner must demonstrate that the agency's position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Const. Co., 200 F.3d 1076, 1080 (7th Cir. 2000). The position must be "'justified in substance or in the main'" or "'justified to a degree that could satisfy a reasonable person.'" Floroiu, 498 F.3d at 748 (quoting Pierce, 487 U.S. at 565). Although the court makes just one determination on the issue for the entire action, attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct (including the ALJ's decision) or his litigation position lacked substantial justification. Cunningham, 440 F.3d at 863-64; Conrad, 434 F.3d at 990. In other words, "fees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigating

2

position may have been substantially justified and vice versa." Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).

## II. DISCUSSION

In the present case, plaintiff argued that the ALJ erred in assessing the credibility of the testimony and in failing to consider certain post-hearing evidence. I agreed with the latter contention and remanded the matter pursuant to sentence six to permit the ALJ to consider the new evidence. I declined to address the credibility issue.

Under sentence six, the court may remand for consideration of "new" evidence if the evidence is "material" and the claimant demonstrates "good cause" for her failure to incorporate such evidence into the record in the administrative proceeding. 42 U.S.C. § 405(g), sentence six. The parties agreed that the evidence at issue in this case was "new" and that plaintiff had demonstrated "good cause." The issue was whether the evidence was "material," i.e. whether there was a "reasonable probability" that the ALJ would have reached a different conclusion had the evidence been considered. Jens v. Barnhart, 347 F.3d 209, 214 (7th Cir. 2003). I indicated that I doubted whether much of the new evidence would reasonably cause the ALJ to change his mind. For example, some of the evidence seemed to undercut plaintiff's contentions as to Michael's behavioral problems. Other evidence indicated that Michael had only slight problems in acquiring and using information and no significant problems in the other relevant domains. Additional educational records, while reflecting some ups and down in Michael's academic performance, added little to the evidence the ALJ had before him. (R. 24 at 19-20.)

However, I concluded that a September 22, 2003 questionnaire from Michael's second grade teacher presented "a closer call." (R. 24 at 20.) This questionnaire indicated that Michael had serious problems in the domain of acquiring and using information, very

3

serious problems in the domain of attending to and completing tasks, and obvious problems in the domain of interacting and relating with others. Given the importance of such observations by teachers in evaluating child disability claims, see, e.g., Baker v. Barnhart, 410 F. Supp. 2d 757, 768 (E.D. Wis. 2005); Matthews v. Barnhart, 339 F. Supp. 2d 1286, 1291 (N.D. Ala. 2004), I concluded that although this was "a close case," under the circumstances it was appropriate to give plaintiff a full and complete opportunity to present Michael's claim.[1] (R. 24 at 21.)

Plaintiff contends that the ALJ's failure to consider this evidence constituted legal error, and that the Commissioner's pre-litigation position was therefore not substantially justified. However, not all errors of law render the government's position unreasonable. As the Seventh Circuit explained in Cummings v. Sullivan, 950 F.2d 492 (7th Cir. 1991), a case that likewise involved an award of benefits following a sentence six remand:

> The claimant's basic argument before this court is that, because on remand she presented sufficient evidence to warrant an award of benefits, the government's position could not have been substantially justified. Such an assertion reflects Cummings' confusion of two different legal standards of review, "substantial evidence" and "substantial justification," which are used at different stages and involve different tests. When reviewing a disability claim, we affirm the Secretary's decision if it is supported by "substantial evidence" in the record, that is, by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." When reviewing an EAJA fees claim, however, we find that the Secretary's position was "substantially justified" if it had a reasonable basis in law and fact. The [Supreme] Court expressly pointed out that the losing party in an EAJA case may have taken a substantially justified position.

Id. at 498 (internal citations and footnote omitted); see also Pierce, 487 U.S. at 566 n.2 (stating that a "position can be justified even though it is not correct"). I specifically noted

---

[1] I further noted that this case appeared to be another example of the inability of the Milwaukee Office of Hearings and Appeals to keep track of claimant records. "Courts should when possible ensure that bureaucratic carelessness does not harm a social security claimant's opportunity to receive benefits." (R. 24 at 21 n.12.)

4

that most of the new evidence in the present case was not material, and that the questionnaire upon which I based the remand presented a close call. As the Seventh Circuit has also explained, "the closeness of the question is, in itself, evidence of substantial justification." Cummings, 950 F.2d at 498.[2] Further, negligence or clerical error in failing to place reports in the record, as likely occurred here, also does not demonstrate that the agency acted unreasonably. See id. at 500.

In arguing that the government's litigation position was unreasonable, plaintiff notes that the Commissioner conceded that the evidence should be considered under sentence six as it was both new and there was good cause for failure to incorporate such evidence into the administrative record. The Commissioner contested only the issue of materiality. As indicated above, I found that one piece of new evidence was material. Plaintiff contends that the Commissioner's decision to defend the ALJ's decision cannot under these circumstances be substantially justified. However, I cannot equate the Commissioner's two concessions with lack of substantial justification overall. Nor does the mere fact that plaintiff succeeded in court mean that the Commissioner was unreasonable in defending the agency's position. See Marcus, 17 F.3d at 1036 (noting that there is no presumption in favor of fees under the EAJA, and that loss on the merits cannot be equated with lack of substantial justification). I agreed with the Commissioner's litigation position that much of the new evidence was not material and concluded that even the teacher questionnaire presented a close call. Under these circumstances, it was reasonable for the

---

[2]In her EAJA reply brief, plaintiff contends that the "close call" reference in my decision pertained to whether the case should be remanded under sentence four or sentence six. Not so. Although I questioned whether this was a true sentence six situation, I ultimately accepted that the parties' agreement that it was. The close call reference pertained to whether the evidence was material, supporting a sentence six remand.

5

Commissioner to defend the agency's position. See Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994) ("The test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action, and it did.").

Finally, plaintiff discusses the favorable decision on remand. However, the "mere fact that benefits were awarded on remand does not necessarily mean . . . that the [Commissioner's] position was not substantially justified." Randolph v. Sullivan, 738 F. Supp. 305, 306 (C.D. Ill. 1990). In any event, it appears that this favorable decision was based primarily on the testimony of a medical expert at the hearing on remand, evidence not before the ALJ at the time he issued the decision I reviewed.[3] See Cummings, 950 F.2d at 499 (upholding denial of EAJA fees where favorable decision after sentence six remand was based on updated medical records and new evidence of mental impairment).

Therefore, for all of these reasons, I conclude that the Commissioner has shown that the government's position in this case was substantially justified. The motion for fees will accordingly be denied.[4]

---

[3] Indeed, it appears that the medical expert found that Michael's limitations resulted from organic brain disorder related to his exposure to cocaine in utero, not from ADHD as alleged in the application. Further, the ALJ did not in the favorable decision explicitly rely on the teacher questionnaire upon which I remanded the case. Thus, it appears that the favorable decision was unrelated to the basis for remand. Plaintiff contends that the remand permitted Michael's "true disorder" to be identified. However, the claimant bears the burden of presenting evidence supporting a disability application, see Scheck v. Barnhart, 357 F.3d 697, 702 (7th Cir. 2004) ("It is axiomatic that the claimant bears the burden of supplying adequate records and evidence to prove their claim of disability."), and although plaintiff suggests in her EAJA rely brief that the ALJ should have summoned a medical expert previously, she did not include such a claim of error in her § 405(g) action.

[4] In their briefs, the parties debate whether the Commissioner's position on the credibility issue was substantially justified. However, I declined to reach that issue, and it would be improper to add a basis for the remand order now. Cf. Cummings, 950 F.2d at 499 n.10 (declining to add a second basis for remand).

6

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that plaintiff's motion for an award of attorney's fees (R. 28) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 4th day of February, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge